United States v. Sammy

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                     *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                     *Appellee*,

             v.                                                16-3601

GABRAL SAMMY, AKA GABRAL SAMMEY,
AKA GABARELE SAMMY, AKA GABRAL SAHMY,
AKA GABRALE SAMMY, AKA GABRAL RETTA,

                     *Defendant-Appellant*.

_____

Appearing for Appellant:     Yuanchung Lee, Federal Defenders of New York, Inc., New York, N.Y.

Appearing for Appellee:      Kevin Trowel, Assistant United States Attorney (Jo Ann M. Navickas, Assistant United States Attorney, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

      **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

      Gabral Sammy appeals from the October 24, 2016 judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*) convicting him of illegal re-entry under 8 U.S.C. §§ 1326(a), 1326(b)(2) pursuant to a guilty plea. On appeal, he challenges the denial of his motion, made pursuant to 8 U.S.C. § 1326(d), to dismiss the indictment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

      This Court reviews the district court's denial of a motion to dismiss the indictment based on a collateral attack on the underlying deportation order de novo. *United States v. Gill*, 748 F.3d 491, 496-97 (2d Cir. 2014). Dismissal of an indictment is an "'extraordinary remedy,' reserved only for extremely limited circumstances implicating fundamental rights." *United States v. De La Pava*, 268 F.3d 157, 165 (2d Cir. 2001). Here, Sammy argues that the original deportation order must be struck because it was obtained in violation of his rights. *See United States v. Mendoza–Lopez*, 481 U.S. 828, 839-40 (1987) (alien denied opportunity for judicial review if immigration judge does not inform alien of right to appeal); 8 U.S.C. § 1326(d). Sammy argues that but for the immigration judge's erroneous assessment of the of effect Sammy's earlier criminal conviction on Sammy's chance of success for cancellation of removal, Sammy would have pursued an appeal and cancellation of removal, rather than waiving his right to seek both.

      Under *Mendoza-Lopez*, erroneous legal advice from an immigration judge to an uncounseled alien may, in fact, excuse a failure to meet the exhaustion requirement imposed by 8 U.S.C. § 1326(d). *See, e.g., United States v. Sosa*, 387 F.3d 131, 136-37 (2d Cir. 2004). Assuming arguendo that the immigration judge gave Sammy an inaccurate assessment of how he would fare should he move for cancellation of removal, Sammy still failed to exhaust the administrative remedies later available to him. Following his deportation hearing, Sammy's mother hired a lawyer who petitioned for a stay of the order of deportation. The stay was granted for "[g]ood cause," with instructions for Sammy to "file a motion to reopen prior to the expiration of the stay." App'x at 59. But Sammy later declined to file the motion to reopen and moved to life the stay, against the explicit advice of counsel. He cannot now seek to be excused from pursuing the administrative remedies that were available to him.

      We have considered the remainder of Sammy's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

                                  FOR THE COURT:
                                  Catherine O'Hagan Wolfe, Clerk